UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
HIGHSNOBIETY, INC.,

                    Plaintiff,              Case No.

    -against-

                                          **COMPLAINT**

OXYGEN, INC.,

                  Defendant.
------------------------------------------------------------X

      Plaintiff Highsnobiety, Inc. ("Plaintiff"), by and through its undersigned attorneys, as and for its Complaint, alleges as follows:

## NATURE OF THE ACTION

      1.     Plaintiff brings this Complaint against defendant Oxygen, Inc. ("Defendant") for breach of contract and breach of the implied covenant of good faith and fair dealing. Defendant breached its Agreement with Plaintiff when it failed to pay amounts due thereunder, failed to cooperate and work with Plaintiff so the contracted for services could be completed, and failed to timely inform Highsnobiety of its intention to terminate the Agreement, causing Highsnobiety to suffer damages of no less than $383,000, plus interest and attorneys' fees.

## THE PARTIES

      2.     Plaintiff is a New York domestic corporation, with its principal place of business located at 26 Broadway, Suite 1104, New York, New York 10004.

      3.     Defendant is a Delaware corporation, with its principal place of business located at 1700 Van Ness Avenue, #1182, San Francisco, California 94109.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter pursuant to § 28 U.S.C. § 1332(a)(1), because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because a substantial portion of the events giving rise to the Complaint arose in the geographical area which is contained within this District.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

**A.     Plaintiff's Agreement with Defendant**

6. Plaintiff is global fashion and lifestyle media brand that, in part, provides clients with custom advertising services across its print and digital platforms.

7. Defendant is a financial technology company.

8. Defendant contracted with Plaintiff to provide custom advertising services in connection with Art Basel taking place in Miami, Florida, in or around December 2021.

9. The parties entered into a binding contract consisting of a Master Services Agreement ("MSA") and Statement of Work ("SOW") (collectively, the "Agreement") for the custom advertising services.

10. The SOW relating to Plaintiff's services to be performed for Defendant in connection with Art Basel Miami was executed by the parties on September 24, 2021. (A true and correct copy of the Statement of Work is attached hereto as Exhibit A).

11. The term of the SOW commenced upon the signing of the SOW and continued until December 31, 2021. (Exh. A ¶ 6(A)).

**B.      Defendant's Breach of the Agreement and Wrongful Conduct**

12.     Shortly after the execution of the SOW, Plaintiff commenced work on the contracted for services.

13.     The SOW comprised of services to be performed by the Plaintiff for a total cost of $375,000 to Defendant.

14.     Pursuant to the terms of the SOW, $187,500 was to be billed upon signature of the SOW and due upon receipt. (Exh. A ¶ 5(A)(i); A true and correct copy of Plaintiff's November 10, 2021 invoice to Defendant, is attached hereto as Exhibit B).

15.     The initial November 10, 2021 invoice was due by December 10, 2021, but was never paid by Defendant. (*See* Exh. B).

16.     The terms of the SOW further provided that interest shall accrue at 9% per month on payments that have not been received by the respective due date. (Exh. A, ¶ 5(B)).

17.     The second payment of $187,500 was to be billed upon completion of services, and due within 30 days of receipt. (Exh. A, ¶ 5(A)(ii); A true and correct copy of Plaintiff's November 30, 2021 invoice to Defendant, is attached hereto as Exhibit C).

18.     After Plaintiff commenced worked in accordance with the SOW, on or around mid- to late November 2021, Defendant, without any explanation, stopped all communications with Plaintiff, including all email correspondence, in violation of the Agreement and express terms of the SOW, impeding Plaintiff's ability to perform the contracted for services.

19.     In addition to impeding Plaintiff's ability to perform the services contemplated by the SOW, Defendant's wrongful conduct interfered with Plaintiff's ability to provide services to other potential clients.

20. The SOW, in part, provided: "[I]n the event Oxygen provides notice of termination less than four weeks prior to agreed start of Production or the Run, Oxygen agrees to pay one hundred percent (100%) of the remaining Price." (Exh. A, ¶ 6(B)(ii)).

21. Defendant never at any point provided Plaintiff with notice of termination, and, therefore, did not do so prior to the start of Production or the Run.

22. Defendant failed to pay the November 30, 2021 invoice, despite being contractually obligated to do so.

23. In addition to the total services valued at $375,000, the SOW provided that Plaintiff was to identify eight Miami-based talent (*i.e.*, influencers) for use in the contracted for advertising services, and Defendant was responsible for paying them each a $1,000 Oxygen Visa Debit Card. (Exh. A, ¶ 2(A)).

24. Plaintiff contracted with eight individuals it identified as Miami-based talent, and ultimately paid them each $1,000.

25. Defendant failed to make payment to the eight individual influencers and failed to reimburse Plaintiff for its payment to them, despite being invoiced for the same. (A true and correct copy of Plaintiff's December 22, 2021 invoice to Defendant for talent payment, is attached hereto as Exhibit D).

26. Defendant has never paid Plaintiff any of the outstanding amounts due pursuant to the parties Agreement.

27. Plaintiff fully performed its obligations under the Agreement.

28. Defendant's failure to remit sums owed under the Agreement constitutes a material breach that has and continues to cause monetary harm to Plaintiff.

## COUNT I
**Breach of Contract**

29. Plaintiff repeats and re-alleges the allegations set forth in the paragraphs above as if fully set forth herein.

30. Defendant entered into a binding and enforceable Agreement with Plaintiff's under which they agreed to be bound by the terms set fort therein.

31. Plaintiff began performance of the custom advertising services for Defendant as set forth in the parties duly executed SOW.

32. Defendant agreed that it would be billed $187,500 upon signature of the SOW, and payment was due upon receipt, yet never paid the invoice.

33. Defendant further agreed that if it provided notice of termination less than four weeks prior to the agreed start of Production or the Run, it would pay one hundred percent (100%) of the remaining Price.

34. Defendant never provided Plaintiff with a notice of termination.

35. Defendant failed to remit payment to Plaintiff for the total contacted for price of $375,000.

36. Defendant also agreed it would pay eight Miami-based influencers identified by Plaintiff $8,000, in the form of eight $1,000 Oxygen Visa Debit cards.

37. Defendant failed to pay the identified influencers, and Plaintiff was forced to pay this sum without reimbursement from Defendant.

38. In addition, Defendant agreed to provided materials to Plaintiff and work in good faith with Plaintiff to align on all production and creative topics, *see* Exh. A, ¶ 2, yet inexplicitly ceased all communications with Plaintiff after the start of Production of the work set forth in the agreed upon SOW.

39. As a result of Defendant's breaches of the Agreement, Plaintiff was caused to suffer damages of no less than $383,000, plus interest and attorneys' fees.

## COUNT II
### Breach of Implied Covenant of Good Faith and Fair Dealing

40. Plaintiff repeats and re-alleges the allegations set forth in the paragraphs above as if fully set forth herein.

41. A covenant of good faith and fair dealing is implied in all contracts.

42. Defendant, without explanation, stopped all communications with Plaintiff following the execution of the SOW and after Plaintiff began performance of the agreed upon services.

43. Defendant failed to provide materials and information to Plaintiff necessary for Plaintiff to complete the services articulated in the parties agreed to SOW.

44. Defendant never attempted to provide notice of termination to Plaintiff, and hampered Plaintiff's ability to perform services for other potential clients.

45. As a result of Defendant's conduct, Plaintiff was caused to suffer monetary damages.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgement in its favor in the amount of $383,000, plus interest, and award Plaintiff the costs and expenses incurred in connection with this action, including reasonable attorneys' fees, and grant Plaintiff such other and further relief as the Court deems just and proper.

LEWIS BRISBOIS BISGAARD & SMITH LLP

/s/ *Brian Pete*
Brian Pete, Esq.

77 Water Street, Suite 2100
New York, New York 10005
212.232.1300
Brian.Pete@lewisbrisbois.com
*Attorneys for Plaintiff*
*Highsnobiety, Inc.*